FARRIS, Circuit Judge,
concurring:
I agree with Judge Tashima that Bristor v. Cheatham is controlling. If we were not bound to follow the Arizona Supreme Court, I would urge that Arizona’s reasonable use doctrine no longer depend solely upon whether the use of the water benefits the property from which it is extracted. Accounting for the amount of water used, considering the utility of competing water uses, and acknowledging the rights of adjacent water users seems especially important in an arid, rapidly growing state like Arizona.
In authorizing strict water permit restrictions as well as public notice and the opportunity for administrative hearings on proposed water permits, the Arizona legislature has indicated that Arizona water users must consider .the rights of adjacent property-holders. Ariz.Rev.Stat. §§ 45-518(A)(4), 45-523 (2005). Unfortunately for the Bradys and other Arizona water plaintiffs, the Arizona legislature has not provided an express private cause of action, nor has the Arizona Supreme Court had occasion to imply one, against those who, for the benefit of their own property, unreasonably and illegally interfere with the water rights of their neighbors.
I therefore concur in the majority opinion.